## ALLEN v. HERON.
### No. 9262.

United States Court of Appeals
District of Columbia.

Argued Oct. 14, 1946.

Decided Nov. 4, 1946.

Mr. John K. Cunningham, of Washington, D. C., for appellant.

Mr. William L. Owen, of Washington, D. C., for appellee.

Before EDGERTON, CLARK and PRETTYMAN, Associate Justices.

EDGERTON, Associate Justice.

This appeal by a child's guardian ad litem attacks the will of the child's father. The will was made in 1942 when the testator was a married man without children. It leaves all his property to his wife. The child was born in 1945 and the testator died a few months later. The value of the estate is not over $15,000.

In Pascucci v. Alsop, 79 U.S.App.D.C. 354, 147 F.2d 880, we held that an unmarried man's will which does not appear to contemplate marriage and fatherhood is revoked when both those events occur. That common-law rule is intended to reflect the wishes of the testator. Most husbands and fathers wish to provide for their wives or children or both. When a man who has neither wife nor child makes a will, his omission to provide for them is more likely to mean that he does not foresee them than that he wishes to disinherit them.

It does not follow that revocation of the present will would probably reflect the testator's wishes. Husbands are likely to foresee that they may become fathers. Particularly when the child is young and the estate small, husbands who are fathers often choose to leave all their property to their wives. We think the District Court was right in applying the usual common-law rule that a will in favor of a wife is not revoked by the birth of a child. Schouler on Wills, Executors and Administrators, 6th Ed., § 643; Rood on Wills, 2d Ed., § 381. A different question would arise if, as in Karr v. Robinson, 167 Md. 375, 173 A. 584, the will provided for one child but not for a child born later.

Affirmed.